CANADY, J.,
concurring in result.
I agree with the majority that the decision on review should be quashed and the certified question answered in the negative.
I would conclude that the reference to “any other felony offense” at the end of the final sentence of section 775.087(2)(d) is ambiguous. The reading adopted by the dissent is one reasonable understanding of the statute. Dissenting op. of Polston, J., *996 at 996-97.- But it is also reasonable to understand that “any other felony offense” refers to a felony offense other than one subject to punishment under section 775.087(2). This reading is reasonable because the final sentence of section 775.087(2)(d) suggests a dichotomy between “any term of imprisonment provided for in [section 775.087(2)]” and “other term[s] of imprisonment” — that is, terms of imprisonment not provided for in section 775.087(2).
The rule of lenity requires that when a statute is reasonably “susceptible of different constructions” the statute must “be construed most favorably to the accused.” § 775.021(1), Fla. Stat. Accordingly, the trial court érred in concluding that the statute required the imposition of consecutive sentences fór each'offénse subject to sentencing under section 775.087(2).